UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES  DIVISION

| | |
|---|---|
| **JULIO REYES**<br>    **FED. REG. #55628-179** | **CIVIL ACTION NO.  2:10-CV-1471** |
| | **SECTION P** |
| **VERSUS** | |
| | **JUDGE MINALDI** |
| **WARDEN JOSEPH P. YOUNG** | **MAGISTRATE JUDGE KAY** |

## REPORT AND RECOMMENDATION

Before the court is the *pro se habeas corpus* petition filed pursuant to 28 U.S.C. §2241 on September 21, 2010 by petitioner Julio Reyes.  (Doc. 1.)   Petitioner is an inmate in the custody of the Federal Bureau of Prisons (BOP); he is currently incarcerated at the Federal Corrections Institute, Oakdale, Louisiana (FCIO).  Petitioner names FCIO Warden Joseph P. Young as his defendant herein.  In his petition, he alleges that the sentence imposed by the U.S. District Court, Southern District of Texas (Laredo) is unconstitutional as it is based on an erroneous interpretation of 18 U.S.C. § 924(c)(1)(A) relative to consecutive sentencing.  *Id.*

This matter was referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. § 636 and the standing orders of the court. For the following reasons it is recommended that the petition be **DISMISSED WITH PREJUDICE**.

*Statement of the Case*

The petitioner, Julio Reyes, pled guilty on January 17, 2006, to possession with the intent to distribute in excess of 5 kilograms of cocaine in violation of 21 U.S.C.§ 841(a)(1) and (b)(1)(A), and 18 U.S.C.§ 2, and to use of a firearm, during and in relation to a drug trafficking crime in violation of 18 U.S.C.§ 924(c)(1)(A)(i) and 18 U.S.C.§ 2.  See *USA  v. Reyes-Valadez*,

5:05-cr-02484 (U.S. District Court, S. D. TX). On August 16, 2006, he was sentenced to 121 months imprisonment on the possession of cocaine charge, to run consecutive to 60 months imprisonment on the use of a firearm charge, for a total of 181 months incarceration. *Id.* Petitioner states that he did not appeal the judgment of conviction and sentence nor he did not file any other petitions, applications or motions (including a motion under 28 U.S.C.§ 2255) with respect to the judgment. (Doc 1.)

Petitioner filed the instant writ of habeas corpus pursuant to 28 U.S.C. §2241 on September 21, 2010. His petition centers around his claim that the district court erred in its interpretation of the "except" clause of 18 U.S.C.§ 924(c)(1)(A)[1], by imposing a consecutive sentence when other circuits do not. (Doc. 1, att. 2, p. 3). In support of his argument, he cites to *Gould v. United States*, 329 F.Appx. 569 (5th Cir. 2009). At the time petitioner filed the instant petition, the U.S. Supreme Court had granted certiorari in *Gould*, wherein the Court considered petitioners' challenge to their § 924(c) sentences, namely that the "except" clause prefacing §924(c)(1)(A) applied in their cases. The "except" clause provides for imposition of a minimum five-year term as a consecutive sentence "except to the extent that a greater minimum sentence is otherwise provided by" § 924(c) itself or by any other provision of law.

In *Gould*, petitioners argued that they were exempt from punishment under § 924(c) because they were sentenced to greater mandatory minimum prison terms for convictions on

---

[1] 18 U.S.C.§ 924(c)(1)(A) provides: Except to the extent that a greater minimum sentence is otherwise provided by this subsection or by any other provision of law, any person who, during and in relation to any crime of violence or drug trafficking crime (including a crime of violence or drug trafficking crime that provides for an enhanced punishment if committed by the use of a deadly or dangerous weapon or device) for which the person may be prosecuted in a court of the United States, uses or carries a firearm, or who, in furtherance of any such crime, possesses a firearm, shall, in addition to the punishment provided for such crime of violence or drug trafficking crime—
   **(i)** be sentenced to a term of imprisonment of not less than 5 years;
   **(ii)** if the firearm is brandished, be sentenced to a term of imprisonment of not less than 7 years; and
   **(iii)** if the firearm is discharged, be sentenced to a term of imprisonment of not less than 10 years.

other counts. See *Gould v. United States*, 329 F.App'x. 569 (5th Cir. 2009); *sub nom Abbott v. United States*, 131 S.Ct. 18, 178 L.Ed. 2d 348 (2010)

The Supreme Court rejected the petitioners' argument in *Gould*, finding that a defendant is not spared from a separate, consecutive sentence for a § 924(c) conviction whenever he faces a higher mandatory minimum for a different count of a conviction. *Id.* Rather, the "except" clause applies only when another provision-whether contained within or placed outside § 924(c) - commands a longer term for conduct violating § 924(c). In sum, the statute requires a sentence of at least five years tacked onto any other sentence the defendant receives.

Reyes advances the same argument in the instant petition as the petitioners did in *Gould*. (Doc. 1, att. 2). Based on this contention, he states that he is unlawfully detained and restrained of his liberty, and he requests that this court conduct a hearing into the cause of his detention, following which he be discharged from the restraint described in his petition. *Id*. at 3-4.

## *Law and Analysis*

Petitioner filed the instant petition for *habeas corpus* pursuant to 28 U.S.C. §2241. *Habeas corpus* petitions filed pursuant to 28 U.S.C. §2241 are generally used to challenge the manner in which a sentence is executed. See *Warren v. Miles*, 230 F.3d 688, 694 (5th Cir.2000). A Motion to Vacate Sentence filed pursuant to 28 U.S.C. §2255 allows federal inmates to collaterally attack the legality of their convictions or sentences. See *Cox v. Warden, Fed. Det. Ctr.*, 911 F.2d 1111, 1113 (5th Cir.1990). Here, petitioner collaterally attacks his incarceration arguing sentencing error with regard to his federal drug conviction. Since petitioner is contesting errors occurring at sentencing, and not the manner in which the sentence is being executed, his claim is more appropriately raised in a §2255 Motion to Vacate.

Federal prisoners may use §2241 to challenge the legality of their convictions or sentences but only if they satisfy the § 2255 "savings clause."  See *Reyes-Requena v. United States*, 243 F.3d 893, 901 (5th Cir.2001).  The "savings clause" provides that a federal convict may file a writ of *habeas corpus* pursuant to §2241 if the § 2255 motion's remedy is "inadequate or ineffective to test the legality of his detention."  See 28 U.S.C. § 2255(e).  A prisoner seeking such relief under the "savings clause" must establish that: (1) his claim is based on a retroactively applicable Supreme Court decision which establishes that he may have been convicted of a nonexistent offense, and that (2) his claim was foreclosed by circuit law at the time when the claim should have been raised in his trial, appeal, or first § 2255 motion.  *Reyes-Requena*, 243 F.3d at 904.  Such petitioners bear the burden of demonstrating that the §2255 remedy is inadequate or ineffective.  *Jeffers v. Chandler*, 253 F.3d 827, 830 (5th Cir.2001).  The fact that a prior §2255 motion was unsuccessful, or that the petitioner is unable to meet the statute's second or successive requirement, does not make §2255 inadequate or ineffective. *Jeffers,* 253 F.3d at 830; *Toliver v. Dobre*, 211 F.3d 876, 878 (5th Cir. 2000).

Petitioner has pointed to no retroactively applicable Supreme Court decision which establishes that he was convicted of a nonexistent offense.  Nor has he shown that his present claims were foreclosed by circuit law at the time when they should have been raised either at his trial, appeal, or prior motions to vacate.  He has failed to show that his 28 U.S.C. § 2255 remedies are ineffective and inadequate under the savings clause.  Therefore, the instant petition for writ of *habeas corpus* pursuant to 28 U.S.C. §2241 must be dismissed for lack of jurisdiction. See  *Christopher v. Miles*, 342 F.3d 378 (5th Cir. 2003).

*Recommendation*

Accordingly, **IT IS RECOMMENDED** that the petition for *habeas corpus* filed pursuant to 28 U.S.C. §2241 be **DISMISSED WITH PREJUDICE** because the Court lacks jurisdiction to consider these claims.

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy of any objections or response to the District Judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.** *See Douglass v. United Serv. Auto. Ass'n*, **79 F.3d 1415 (5th Cir. 1996).**

THUS DONE this 7th day of November, 2011.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE